# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**JEFF BAILEY; SHANNON BAILEY**                                     **PLAINTIFFS**

**v.**                                                    **CAUSE NO. 3:11-CV-407-CWR-FKB**

**AMERICAN HOME MORTGAGE**                                  **DEFENDANT**
**SERVICING, INC.**

## ORDER

Pending before the Court is the defendant's motion to dismiss the first amended complaint. Docket No. 26. The plaintiffs have responded, Docket No. 27, the defendant has replied, Docket No. 31, and the matter is ready for review. The motion will be denied.

*I.  Factual and Procedural History*

Plaintiffs Jeff and Shannon Bailey refinanced their home mortgage loan in August 2002. Docket No. 23, at 2. Defendant American Home Mortgage Servicing ("AHMS") serviced the loan. *Id.* at 1.

The Baileys' first amended complaint alleges that from 2002 onward, AHMS misapplied the Baileys' loan payments and placed incorrect charges on their account. *Id.* at 1-2. For example, AHMS allegedly charged the Baileys for property insurance, even though they maintained separate insurance. *Id.* at 2. Relatedly, the Baileys' home was destroyed by fire in 2009. *Id.* They claim that AHMS now seeks a payoff amount in excess of the actual loan balance. *Id.* Their first amended complaint seeks damages for breach of contract or, alternatively, for unjust enrichment. *Id.* at 3-4.

AHMS's motion argues that the first amended complaint lacks allegations sufficient to state a plausible and non-speculative claim for relief. Docket No. 27, at 2-3. It then contends that the Baileys' claims are barred by the three-year statute of limitations because they refinanced their mortgage in August 2002 but did not file suit until May 2011. *Id.* at 3-4.

The Baileys respond that their allegations of misapplied mortgage payments and incorrect charges are sufficient to make out a claim for "breach of contract (or unjust enrichment if Defendant claims it has no contract with Plaintiffs)." Docket No. 28, at 4. They further claim that the statute of limitations began to run around June 2009, when they "first knew of irregularities in Defendant's servicing of Plaintiffs' mortgage." *Id.* at 3. Therefore, their May 2011 suit was timely filed. *Id.*

In rebuttal, AHMS observes that the Baileys had not previously invoked the discovery rule. Docket No. 31, at 1. It adds that the unjust enrichment claim should be dismissed because AHMS "has not denied the existence of a contract with Plaintiffs." *Id.* at 2.

## II.  *Standard of Review*

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but need not have "detailed factual allegations." *Id.* (citation and quotation marks omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (citation omitted).

Since *Iqbal*, the Fifth Circuit has clarified that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011).

It is well-established that "a motion to dismiss under 12(b)(6) is viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quotation marks and citation omitted).

## III.  *Discussion*

AHMS' first argument for dismissal is meritless. The Baileys' first amended complaint contains "more than an unadorned, the defendant-unlawfully-harmed-me accusation"; in fact, it provides specific allegations of potential contractual breaches, including the incorrect property insurance charge. *Iqbal*, 556 U.S. at 678. It is perfectly plausible that a mortgage servicer could incorrectly charge and then fail to correct the entries on one of its accounts. Assuming the truth of the allegations in the first amended complaint, as the Court must at this stage, the Baileys' have sufficiently pled a breach of contract claim against AHMS.

The Court need not take up whether the Baileys' unjust enrichment claim should be dismissed as a result of AHMS's failure to deny that a contract exists. That issue was first raised

in a reply brief, which denied the Baileys an opportunity to address the issue. "A reply memorandum is not the appropriate place to raise new arguments." *Mississippi ex rel. Hood v. AU Optronics Corp.*, No. 3:11-cv-345, 2012 WL 1575629, *8 (S.D. Miss. May 3, 2012) (quotation marks and citation omitted); *see also United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009); *S. Lavon Evans, Jr. Drilling Venture, LLC v. Laredo Energy Holdings, LLC*, No. 2:11-cv-12, 2011 WL 1104150, *1 n.1 (S.D. Miss. Mar. 23, 2011). Therefore, the Court will not consider the argument. The issue can be resolved, if necessary, during the summary judgment stage.

AHMS's statute of limitations argument will also be denied. At the outset, it is undisputed that Mississippi law provides a three-year statute of limitations for breach of written contract claims. *Fletcher v. Lyles*, 999 So. 2d 1271, 1276 (Miss. 2009) (citing Miss. Code § 15-1-49); *see also Levens v. Campbell*, 733 So. 2d 753, 758 (Miss. 1999) (same). The statute cited in those cases contains a discovery rule: in suits "which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." Miss. Code § 15-1-49(2). "In its most simplistic form, if aggrieved persons do not know of their injury the statute of limitation does not begin running until they can reasonably be held to have knowledge of the injury or disease." *PPG Architectural Finishes, Inc. v. Lowery*, 909 So. 2d 47, 50 (Miss. 2005) (quotation marks and citation omitted).

A "latent injury" exists when:

the plaintiff will be precluded from discovering harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question . . . or when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act.

*Id.* (quotation marks, citations, and brackets omitted). The Mississippi Supreme Court holds "that if a latent injury is *not* present the discovery rule would *not* apply." *Id.* (citation omitted).

The date of discovery, or when the discovery *should* have been made, "is an issue of fact to be decided by a jury when there is a genuine dispute." *Weathers v. Metro. Life Ins. Co.*, 14 So. 3d 688, 692 (Miss. 2009) (quotation marks and citation omitted); *see also Lowery*, 909 So. 2d at 50 ("Whether the plaintiff knew about the injury has typically been reserved as a jury question.") (citations omitted).

The Baileys claim that "[i]t was not until about June 2009, that Plaintiffs first knew of

3

irregularities in Defendant's servicing of Plaintiffs' mortgage." Docket No. 28, at 3. Again, for the purposes of resolving a motion to dismiss the Court must accept the truth of that statement. As a result, the Baileys' 2011 lawsuit was timely filed.

*IV.*   *Conclusion*

AHMS's motion to dismiss is denied.

**SO ORDERED**, this the 6th day of June, 2012.

>s/ Carlton W. Reeves
>UNITED STATES DISTRICT JUDGE